James B. Hicks, (SBN 109117)
Lan P. Vu (SBN 232798)
**HICKS | PARK LLP**
824 Wilshire Boulevard, Suite 300
Los Angeles, California 90017
Telephone: (213) 612-0007; Fax: (213) 612-0373
jhicks@hicksparklaw.com / lvu@hicksparklaw.com

Attorneys for Defendants
McLANE J. HANSEN; TIFFINI HANSEN;
and TMAC ENTERTAINMENT, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE AMERICAN SOCIETY OF RADIOLOGIC TECHNICIANS,<br><br>Plaintiff,<br>vs.<br>McLANE J. HANSEN, et al.,<br><br>Defendants. | Case No. CV 07-6224 MMM<br><br>**ANSWER TO FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants McLane J. and Tiffini Hansen and TMAC Entertainment, LLC ("TMAC") answer the First Amended Complaint (the "Complaint"), on the grounds they have a reasonable basis for making the allegations contained below, and believe they are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, and allege as follows:

1.  Defendants lack sufficient information or other belief upon which to admit the allegations set forth in paragraph 1 of the Complaint, and on that basis deny them.

2.  Defendant McLane J. Hansen admits he is a California resident.

3.  Defendant Tiffini Hansen admits she is a California resident.

4.  Defendant TMAC admits it is a Nevada LLC.

1
**ANSWER TO FIRST AMENDED COMPLAINT**

5. Defendants McLane and Tiffini Hansen admit they are married, and deny the other allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit this Court has subject matter jurisdiction over the copyright infringement claim asserted in the Complaint.

7. At this time, Defendants do not challenge venue in this district.

8. Defendants admit the Complaint's allegations speak for themselves, and deny the other allegations contained in Paragraph 8 of the Complaint.

9. Defendants lack sufficient information or other belief upon which to admit the allegations in paragraph 9 of the Complaint, and on that basis deny them.

10. Defendants admit that radiation therapy can be used to treat cancer.

11. Defendants deny that the allegations in Paragraph 11 of the Complaint are relevant to this action, and on that basis deny them.

12. Defendants admit that plaintiff's certification procedures speak for themselves, and deny the rest of the allegations in Paragraph 12 of the Complaint.

13. Defendants admit that the Examination speaks for itself, and deny the rest of the allegations in Paragraph 13 of the Complaint.

14. Defendants admit that the Examination speaks for itself, and deny the rest of the allegations in Paragraph 14 of the Complaint.

15. Defendants admit the referenced state regulatory procedures speak for themselves, and deny the rest of the allegations in Paragraph 15 of the Complaint.

16. Defendants admit the referenced state regulatory procedures speak for themselves, and deny the rest of the allegations in Paragraph 16 of the Complaint.

17. Defendants admit that the referenced certification procedures speak for themselves, and deny the rest of the allegations in Paragraph 17 of the Complaint.

18. Defendants admit that the Examination speaks for itself, and deny the rest of the allegations in Paragraph 18 of the Complaint.

19. Defendants admit the Examination and plaintiff's procedures speak for themselves, and deny the other allegations in Paragraph 19 of the Complaint.

20. Defendants lack sufficient information or other belief upon which to admit the allegations set forth in paragraph 20 of the Complaint, and on that basis deny them.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants admit that plaintiff's copyright registrations speak for themselves, and deny the rest of the allegations in Paragraph 22 of the Complaint.

23. Defendants admit that plaintiff's copyright registrations speak for themselves, and deny the rest of the allegations in Paragraph 23 of the Complaint.

24. Defendants admit that the referenced copyright registration speaks for itself, and deny the rest of the allegations in Paragraph 24 of the Complaint.

25. Defendants admit that the referenced copyright registration speaks for itself, and deny the rest of the allegations in Paragraph 25 of the Complaint.

26. Defendants admit that the referenced copyright registration speaks for itself, and deny the rest of the allegations in Paragraph 26 of the Complaint.

27. Defendants admit that Mr. Hansen's application speaks for itself, and deny the rest of the allegations in Paragraph 27 of the Complaint.

28. Defendants admit that the referenced computer screen speaks for itself, and deny the rest of the allegations in Paragraph 28 of the Complaint.

29. Defendants admit that the referenced computer screen speaks for itself, and deny the rest of the allegations in Paragraph 29 of the Complaint.

30. Defendants admit that the referenced agreement speaks for itself, and deny the rest of the allegations in Paragraph 30 of the Complaint.

31. Defendants admit that the referenced exhibits speak for themselves, and deny the rest of the allegations in Paragraph 31 of the Complaint.

32. Defendants admit that Mr. Hansen's examinations speak for themselves, and deny the rest of the allegations in Paragraph 32 of the Complaint.

33. Defendants admit that the referenced agreements speak for themselves, and deny the rest of the allegations in Paragraph 33 of the Complaint.

34. Defendants admit that the referenced website speaks for itself, and deny the rest of the allegations in Paragraph 34 of the Complaint.

35. Defendants admit that the referenced registration speaks for itself, and deny the rest of the allegations in Paragraph 35 of the Complaint.

36. Defendants admit that the referenced website speaks for itself, and deny the rest of the allegations in Paragraph 36 of the Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants admit that the referenced website speaks for itself, and deny the rest of the allegations in Paragraph 38 of the Complaint.

39. Defendants admit that the referenced website speaks for itself, and deny the rest of the allegations in Paragraph 39 of the Complaint.

40. Defendants admit that the TRRR speaks for itself, and deny the rest of the allegations in Paragraph 40 of the Complaint.

41. Defendants admit that the registration materials speak for themselves, and deny the rest of the allegations in Paragraph 41 of the Complaint.

42. Paragraphs 1 through 41 are incorporated in full.

43. Defendants lack sufficient information or belief on which to admit the allegations set forth in paragraph 43 of the Complaint, and on that basis deny them.

44. Defendants admit the referenced copyright legal provisions speak for themselves, and deny the rest of the allegations in Paragraph 44 of the Complaint.

45. Defendants admit the referenced registrations speak for themselves, and deny the rest of the allegations in Paragraph 45 of the Complaint.

46. Defendants admit that plaintiff's registrations and their scope speak for themselves, and deny the rest of the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Paragraphs 1 through 51 are incorporated in full.

53. Defendants admit the referenced statute speaks for itself, and deny the rest of the allegations in Paragraph 53 of the Complaint.

54. Defendants admit the referenced statutes speak for themselves, and deny the rest of the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Paragraphs 1 through 58 are incorporated in full.

60. Defendants admit the referenced agreements speak for themselves, and deny the rest of the allegations in Paragraph 60 of the Complaint.

61. Defendants lack sufficient information or belief on which to admit the allegations set forth in paragraph 61 of the Complaint, and on that basis deny them.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Paragraphs 1 through 63 are incorporated in full.

65. Defendants lack sufficient information or belief on which to admit the allegations set forth in paragraph 65 of the Complaint, and on that basis deny them.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

5
**ANSWER TO FIRST AMENDED COMPLAINT**

## AFFIRMATIVE DEFENSES

As separate affirmative defenses to the Complaint, on the grounds that they have a reasonable basis for making the allegations contained below, and believe they are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, Defendants further allege as follows:

### First Affirmative Defense

72. The Complaint, and each purported claim set forth therein, fails to state a cause of action upon which relief can be granted.

### Second Affirmative Defense

73. Defendants have not infringed the referenced copyrights, and is not liable for infringement thereof.

### Third Affirmative Defense

74. On information and belief, the referenced copyrights are invalid.

### Fourth Affirmative Defense

75. The Complaint, and each purported claim set forth therein, is barred by applicable statutes of limitation.

### Fifth Affirmative Defense

76. The Complaint, and each purported claim set forth therein, is barred by the doctrines of waiver, estoppel and/or laches.

### Sixth Affirmative Defense

77. Plaintiff has not suffered injury to its business or property by reason of any conduct by Defendants that violates applicable laws or other legal duty.

### Seventh Affirmative Defense

78. Defendants' conduct constituted the lawful exercise of their legal rights, which does not violate the patent laws or any other law.

### Eighth Affirmative Defense

79. Plaintiff's injuries and damages, if any, were caused, in whole or in part, by its own conduct and not the conduct of Defendants.

### Ninth Affirmative Defense

80. Plaintiff is barred from obtaining any relief sought in the Complaint because it is misusing its intellectual property rights, if any, by unreasonably and unlawfully attempting to enforce them beyond the scope of such rights.

### Tenth Affirmative Defense

81. The Complaint's claims are barred by the doctrine of offset, based on defendants' claims against the plaintiff.

### Eleventh Affirmative Defense

82. The Complaint's claims against defendant Tiffini Hansen lack any basis, and violate Fed.R.Civ.P. 11.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following relief:

1. That Plaintiff's Complaint be dismissed with prejudice, and that its request for damages and other relief be denied in full;

2. That Defendants be awarded their attorneys' fees, costs and expenses in this action, pursuant to applicable law; and

3. That Defendants be awarded such further relief as this Court may deem fair and just.

### DEMAND FOR JURY TRIAL

Defendants request a trial by jury on all issues so triable.

Defendants reserve their right to file an amended answer and/or counterclaim.

Dated: June 16, 2008

HICKS PARK LLP

By: _____
James B. Hicks
Attorneys for Defendants

7
**ANSWER TO FIRST AMENDED COMPLAINT**

**PROOF OF SERVICE**

On June 15, 2008, I served the foregoing document on plaintiff's counsel through the Court's ECF service.

Executed on June 15, 2008, at Los Angeles, California.

_____
James B. Hicks