1  Kent J. Schmidt (SBN 195969)
   Dorsey & Whitney LLP
2  38 Technology Drive
   Irvine, CA  92618-5310
3  Telephone:  (949) 932-3645
   Facsimile:  (949) 932-3601
4  E-mail: schmidt.kent@dorsey.com

5  Sri K. Sankaran (SBN 236584)
   Eric R. Sherman (admitted *Pro Hac Vice*)
6  Dorsey & Whitney LLP
   Suite 1500, 50 South Sixth Street
7  Minneapolis, MN 55402-1498
   Telephone: (612) 340-2600
8  Facsimile: (612) 340-8856
   E-mail: sankaran.sri@dorsey.com
9  E-mail: sherman.eric@dorsey.com

10
   Attorneys for Plaintiff
11 The American Registry of
   Radiologic Technologists
12
   James B. Hicks (SBN 109117)
13 Hicks | Park LLP
   824 Wilshire Blvd., Suite 2400
14 Los Angeles, CA  90017
   E-mail: jhicks@hickspark.com
15

16 Attorneys for Defendants
   And Counterclaimants
17

18

19                    UNITED STATES DISTRICT COURT
20              FOR THE CENTRAL DISTRICT OF CALIFORNIA
21

22 | THE AMERICAN REGISTRY OF         | Case No.   CV-07-6224 MMM
23 | RADIOLOGIC TECHNOLOGISTS         |            (AGRx)_____
   |              Plaintiff,          |
24 | v.                               | **JOINT STIPULATION AND
   |                                  | PROTECTIVE ORDER**
25 | MCLANE J. HANSEN and             |
   | TMAC ENTERTAINMENT, LLC,         |
26 |              Defendants.         |
27

28

## STIPULATION AND PROTECTIVE ORDER

**I.      Good Cause Statement**

The parties recognize that discovery in this action necessarily involves the production of documents and material considered by one or more parties to be confidential, sensitive or proprietary.  The following procedures shall be followed by the parties to facilitate the orderly, efficient and expeditious discovery of documents reasonably believed to contain confidential, proprietary or private information while minimizing the potential for unauthorized disclosure of such documents or information.

In particular, this stipulated protective order is being put in place to protect sensitive trade secret, business and private information of the parties.  The disclosure of this information would cause significant harm to the financial and competitive position of each party.

THEREFORE, the parties have stipulated to the entry of the following order.

1.      <u>Framework and Scope of Order</u>.

(a)     This order governs all discovery in this action, court filings, and all material which a producing party has designated as confidential in this action;

(b)     All material produced during discovery in this action, whether in documents, depositions, or otherwise, will be used solely for the purposes of this action and not for any other purpose, including any business purpose, and will not be used or disclosed outside the context of this action, except that Plaintiff may use and disclose material:

> i) disclosing the name personal identifying information of any person who disclosed ARRT test questions to any defendant, or
>
> ii) disclosing the name, personal identifying information and price paid, by any person who bought the RTR Review course, redacting any collective or aggregate financial

information, and provided that documents reflecting information about more than one person shall be redacted so that only one person's information is shown in any one version of the document; whether or not designated as "confidential material," in enforcing its Rules and Regulations and Standards of Ethics; however, the parties contemplate a separate agreement regarding the use of such material in any action with which this action may be consolidated, or in any action involving related claims or defenses, so as to minimize or eliminate duplicative discovery;

(c) Any person receiving confidential material shall not disclose that material to any person, except a person authorized to receive the material pursuant to this order, and shall make such disclosure only in strict compliance with this order;

(d) Any person providing its confidential material retains the right to disclose the material by waiving the restrictions in this order for a particular purpose or use; and

(e) The use of any confidential material for the purpose of any hearing or trial which is open to the public is not addressed in this order, and will be the subject of future agreement or Court order as the need may arise and the Court may decide. The parties acknowledge that unless the Court orders otherwise for good cause shown in advance of the commencement of trial, all material designated as confidential pursuant to this Protective Order will become public once the case proceeds to trial.

2. <u>Definition of Confidential Material</u>.  This Protective Order shall govern, and shall be applied on a narrowly-tailored basis to protect, only documents, materials, items or information that materially consist of items registered with the U.S. Copyright Office pursuant to its process for registration of confidential examination materials and information that is entitled to confidential treatment under existing California law (hereinafter "confidential material"), such as trade secrets defined by California Civil Code § 3426.1, financial information, personal information implicated or otherwise

protected by article I, section 1 of the California Constitution, or information submitted to a governmental office but subject to a public policy of confidentiality. For the purpose of this order, "confidential material" means any information of any kind which is designated as confidential in the manner specified in this order by the party supplying the information, and all copies of such designated material. Confidential material may be contained in documents produced, testimony in depositions, exhibits, interrogatory answers, responses to requests for admissions, on briefs, or otherwise. Confidential material under this order consists of two categories, "Confidential information," and "Attorneys Only Information." Any materials which reproduce, paraphrase, summarize, or otherwise contain confidential material are also confidential in the same category as the original material.

3. <u>Authorized Persons</u>. Except for the rights retained in paragraph 1(d) above, access to Confidential Information is restricted to the following authorized persons, and access to Attorneys Only Information is restricted to the persons described in this Paragraph 3, subdivisions 3(a) and 3(c)-(f), inclusive:

(a) Attorneys engaged by the parties and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(b) The individual parties and as to corporate parties the managing agents who are involved in this lawsuit;

(c) Independent persons retained by a party or its attorneys of record in this action to assist in the preparation of this action for trial (such as independent experts, economists, accountants, expert witnesses and other consultants, and the necessarily involved employees of such persons);

(d) This Court and its employees;

(e) Court reporters transcribing testimony taken in this action and notarizing officers; and

(f) As to any document containing confidential material, the person who generated the material or authored the document or was an addressee of the document is

an authorized person with respect to that document in the context of deposition testimony or interrogatories addressed to that party.

4. <u>Designating Confidential Material</u>.  Each document which contains confidential material in the "Attorneys Only Information" category shall be prominently marked with the designation "Attorneys Only Information" or a similar designation.  All other documents containing confidential material shall be marked prominently "Confidential Information" or "Confidential."  The markings apply to documents produced, exhibits, discovery requests and responses, motion papers, and all other documents which reproduce, paraphrase, summarize, or otherwise contain confidential material.

5. <u>Depositions</u>.  Counsel for any party or for a witness may orally on the record designate deposition testimony or exhibits as confidential material during the course of a deposition.  All depositions shall be treated in their entirety as Attorneys Only Information for a period of 21 days after receipt of the transcript.  During that 21-day period, counsel for any party or for a witness may designate portions of the deposition as Attorneys Only Information or Confidential Information by listing the page and lines of those portions so considered and advising all counsel of record of that designation.  Any deposition exhibit or testimony portion so designated shall not be filed with the court except in accordance with paragraph 6 of this order.  The parties contemplate a further order to address the issue of examining a deposition witness with respect to documents or information within the scope of this order.

6. <u>Filing Confidential Material With the Court</u>.  Any party seeking to file documents under seal with the court shall comply with the provisions of Local Rule 79-5.1.

7. <u>Authorized Person Acknowledgment</u>. Before disclosing confidential material to any authorized person, except to an attorney of record, this Court and its employees or the Court reporters transcribing testimony taken in this action and notarizing officers, counsel for the party making such disclosure shall provide each such

person with a copy of this order, shall advise each such person not to disclose any Attorneys Only Information or Confidential Information material to any other person and that violation of this protective order will subject such person to the sanctions of this court, and each such person shall agree in writing to comply with the terms of this order in the form of Exhibit A to this order.  For example, a court reporter must sign such an acknowledgement before taking a deposition.  The original acknowledgements shall be maintained by the attorney for the party who designated such person.  This order shall bind all parties whether or not an agreement in writing is obtained.

       8.     <u>Discovery From Third Parties</u>.  When documents, testimony, or other material is sought in discovery in this action from a person (including any business entity) who is not a party, any party who has a claim of confidentiality may designate certain documents or a category of documents, and certain testimony, as Attorneys Only Information or Confidential Information under this order, and the person from whom discovery is sought may similarly make such a designation.  Documents and material so designated shall be treated under the provisions of this order.  Any and all documents produced in response to a third-party or non-party subpoena issued by one party shall be provided to the other party for review and designation of either "Confidential Information" or "Attorneys Only Information."

       9.     <u>Protection of Confidential Material</u>.  No copies of any confidential material shall be made except to the extent necessary for this lawsuit.  All copies of confidential material shall be kept in secure areas at the offices of outside counsel or persons of the kind described in paragraph 3 or in the personal custody and control of such persons.

The provisions of this Section 9 shall not apply to this Court, its employees or the Court reporters transcribing testimony taken in this action and notarizing officers.  The Court, its employees and the Court reporters transcribing testimony taken in this action and notarizing officers shall handle confidential materials pursuant to the provisions of Local Rule 79-5, *et seq*.

10. <u>Customer Contact</u>. The identity and contact information of the customers of the parties to this action are and shall remain confidential, though Plaintiff may make use of material identified in Paragraph 1(b) as set forth therein. No party shall initiate contact with the customers of any other party in reliance on any identification or contact information produced in this action, except for the narrow purposes of this litigation or service of process. However, this Section 10 shall not be construed to place any limits whatsoever upon Plaintiff's communication with any person who has sought or obtained certification or registration from Plaintiff in the profession of radiologic technology.

11. <u>Client Consultation</u>. Nothing in this Agreement shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated unless permitted hereunder, agreed upon by the parties or authorized by the Court.

12. <u>Challenging a Designation</u>. Any party may challenge at any time the propriety of a designation of material as Attorneys Only Information or Confidential Information. Before such a challenge is made, the parties shall attempt to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved on an informal basis, any challenge to the propriety of a designation shall be made pursuant to the provisions of Local Rule 37. In making or opposing any motion relating to the designation of confidential information, the party seeking to maintain a document as confidential shall bear the burden of showing that specific prejudice or harm will result if no protective order is granted.

13. <u>No Admission</u>. The designation by a disclosing party of material as Attorneys Only Information or Confidential Information is intended solely to facilitate the preparation and trial of this action. Such designation is not an admission by any party that the designated disclosure constitutes or contains any confidential material.

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

Disclosure of confidential material is not a waiver of any right of the producing party to object to admissibility.

14. <u>Conclusion of Action</u>.  Within thirty (30) days of the final determination of this action, including any appeals, all material which a producing party has designated as confidential shall be delivered by counsel for the receiving party to counsel for the producing party or it shall be destroyed, and counsel for the receiving party shall certify in writing to the producing party that all such documents have been destroyed.  All copies of summaries, memoranda and notes reflecting the contents or substance of such documents shall either be delivered or destroyed as described above.  The provisions of this or any other order entered in this action restricting the disclosure or use of confidential material shall continue to be binding at the conclusion of this action.

**ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:   July 7, 2008

*Alicia G. Rosenberg*

Alice G. Rosenberg
United States Magistrate Judge

-8-

STIPULATION AND [PROPOSED]
PROTECTIVE ORDER

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: June 27, 2008 | DORSEY & WHITNEY LLP |
| 3 | | |
| 4 | | |
| 5 | | By:  Sri K. Sankaran  _____ |
| 6 | | Sri K. Sankaran<br>Kent J. Schmidt<br>Eric R. Sherman |
| 7 | | Attorneys for Plaintiff The American<br>Registry of Radiologic Technologists |
| 8 | | |
| 9 | DATED: July 2, 2008 | HICKS PARK LLP |
| 10 | | |
| 11 | | |
| 12 | | By:  James B. Hicks  _____ |
| 13 | | James B. Hicks<br>Attorneys for Defendants and<br>Counterclaimants |

-9-

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

# EXHIBIT A

ACKNOWLEDGEMENT CONCERNING MATERIAL
COVERED BY A PROTECTIVE ORDER ENTERED
IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

The undersigned hereby acknowledges that he/she has read the attached Protective Order entered in the United States District Court, Central District of California, in the action entitled *The American Registry of Radiologic Technologists v. McLane J. Hansen and TMAC Entertainment, LLC*, Case No. CV 07-6224 MMM (AGRx), and understands the terms thereof and agrees to be bound by such terms.

Dated: _____

Signature: _____

Type or print name of individual: _____