JS-6

Beverly Johnson (SBN 167335)
Dorsey & Whitney LLP
38 Technology Drive
Irvine, CA 92618-5310
Telephone: (949) 932-3600
Facsimile: (949) 932-3601
E-mail: schmidt.kent@dorsey.com

Sri K. Sankaran (SBN 236584)
Eric R. Sherman (admitted *Pro Hac Vice*)
Dorsey & Whitney LLP
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Facsimile: (612) 340-8856
E-mail: sankaran.sri@dorsey.com
E-mail: sherman.eric@dorsey.com

Attorneys for Plaintiff
The American Registry of
Radiologic Technologists

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE AMERICAN REGISTRY OF RADIOLOGIC TECHNOLOGISTS<br><br>Plaintiff,<br><br>v.<br><br>MCLANE J. HANSEN, TIFFINI HANSEN, and<br>TMAC ENTERTAINMENT, LLC,<br><br>Defendants. | Case No. CV07-06224-MMM (AGRx)<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION** |

Based on the parties' Joint Motion for Entry of Final Judgment and Permanent Injunction, IT IS ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction over the subject matter of this action and over each of the parties thereto. The Court retains jurisdiction to interpret and enforce this Final Judgment and Permanent Injunction.

2. The parties to this action intend by this Final Judgment and Permanent Injunction to fully and finally adjudicate all legal issues in this action, including but not limited to those of copyright ownership, validity, and infringement.

3. The Court has reviewed the Plaintiff's First Amended Complaint and the related submissions of the parties, including a Joint Motion for Entry of Final Judgment and Permanent Injunction, to which were attached illustrative side-by-side comparisons of certain of Plaintiff's copyrighted materials and materials sold and offered for sale by Defendants. Based upon the stipulated facts and the stipulated statement of applicable legal principles set forth below, the Court hereby enters this Final Judgment and Permanent Injunction.

## I. JURISDICTION

4. This action arises in part under the Copyright Act, 17 U.S.C. § 101, et seq. This Court has exclusive jurisdiction over the subject matter of copyright claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has jurisdiction over the subject matter of Plaintiff's claim for violation of California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, pursuant to 28 U.S.C. §§ 1338(b) and 1367.

6. The Court has jurisdiction over the subject matter of Plaintiff's breach of contract and inducing breach of contract claims pursuant to 28 U.S.C. § 1367.

## II. VENUE

7. Venue is properly laid in this district pursuant to 28 U.S.C. § 1391(b) and 1400(a). Defendants are doing business and transacting business within this district and they or their agents may be found within this district.

## III. FACTS

### A. The Parties

8. Plaintiff The American Registry of Radiologic Technologists ("ARRT") is a Minnesota nonprofit corporation having its principal place of business in Saint Paul, Minnesota.

9. Defendant McLane J. Hansen ("McLane Hansen") is a citizen of the State of California residing in Paso Robles, California.

10. Defendant TMAC Entertainment, LLC ("TMAC" and jointly with McLane Hansen, "Defendants") is a limited liability company organized under the laws of the State of Nevada having its principal place of business in Paso Robles, California.

11. McLane Hansen is, and has at relevant times been, a member and manager of Defendant TMAC.

### B. The Radiation Therapy Examination

12. ARRT is an independent, nonprofit organization established in 1922 to promote high standards of patient care by certifying qualified individuals in medical imaging, interventional procedures and radiation therapy. ARRT offers certification to individuals who meet specific educational and ethical requirements and successfully complete an examination process.

13. ARRT offers an examination (the "Examination"), which assesses the critical knowledge and cognitive skills underlying tasks typically required for the practice of radiation therapy.

14. The Examination is used by more than 20 states, including California, as a basis for issuing licenses to practice radiation therapy.

15. The Examination is computer-based and offered in more than 200 testing centers throughout the United States and certain foreign countries. It consists of 200

questions in a multiple-choice format, plus an additional 20 unscored, pilot questions being considered for inclusion in future exams.

16. The subjects covered in the Examination are determined according to a content specification authored and published by ARRT.

17. The 200 scored questions used on each Examination are drawn from a pool of confidential questions maintained by ARRT. As a result, numerous questions are used repeatedly in successive years. This repeated use of questions serves two primary purposes: (1) to ensure continuity in test difficulty and (2) to ensure comparability of scores between candidates completing the Examination at different times.

18. Due to the year-to-year continuity of the Examination, any disclosure of Examination questions threatens the fundamental ability of ARRT to administer the Examination in the future. Such disclosure also threatens the public health by increasing the likelihood that an unqualified candidate will have an unfair advantage in taking the Examination.

19. In order to prevent disclosure, applications for the ARRT Examination contain the following agreement:

> I also understand and agree that . . . the examination and related materials utilized in the ARRT's examinations are copyrighted as the sole property of the ARRT and must not be removed from the test area or reproduced in any way and that reproduction of copyrighted material, in whole or in part, is a federal offense and may subject me to the sanctions listed above . . . .

20. Candidates appearing for the Examination are presented with the Pearson VUE Candidate Rules Agreement—ARRT and are required to indicate their consent to the agreement before taking the Examination. The Agreement provides, in part:

> I will not remove copies of the exam questions and answers from the testing room, and I will not share the questions or answers seen in my

> exam with other candidates. The exam and related materials utilized in the ARRT's exams are copyrighted as the sole property of the ARRT and must not be removed from the testing room or reproduced in any way.

21. Before beginning the computerized exam, candidates are presented with an on-screen Non-Disclosure Agreement. In order to proceed to the exam, candidates must choose an on-screen option stating "I accept the terms of agreement." The Non-Disclosure Agreement provides:

> This exam is confidential and is protected by trade secret law. It is made available to you, the examinee, solely for the purpose of assessing qualifications in the discipline referenced in the title of this exam. You are expressly prohibited from disclosing, publishing, reproducing, or transmitting this exam, in whole or in part, in any form or by any means, verbal or written, electronic or mechanical, for any purpose, without the prior express written permission of ARRT.

22. At all times relevant to this action, ARRT has been the sole owner and holder of title, all rights and interest in and to copyrights in (1) the test item bank from which Examination questions are drawn and (2) the content specification for the Examination.

23. Due to its sensitive nature, ARRT has registered its copyrights in the Examination test item bank using the process specified at 37 C.F.R. § 202.20(c)(2)(vi) for the registration of confidential examination materials.

### C. Defendants' Conduct

24. At all times relevant to this action, McLane Hansen and TMAC have maintained a website at http://www.rtrreview.com at which they offer for sale and sell the "Radiation Therapy Registry Review ARRT Prep Notebook & On-Line Noteook [sic]" ("RTRR"). The RTRR includes a PowerPoint CD and Podcast CD. This website

was accessible by any member of the public.

25. McLane Hansen personally sat for the 200-question Examination on October 4, 2004, November 15, 2004, and December 29, 2005, and thereby gained access to Examination questions.

26. McLane Hansen accepted and agreed to the terms of his application for examination, the Pearson VUE Candidate Agreement—ARRT, and the Non-Disclosure Agreement each time he sat for the examination.

27. Until this action was filed, the rtrreview.com website encouraged takers of the Examination to disclose ARRT's confidential questions to Defendants by making the following offer:

> Students if you would like to qualify (you must have bought a notebook from RTRREVIEW in order to be eligible to qualify) to receive up to $10.00 (ten dollars) from RTRREVIEW just send us questions that you can remember from your exam (minimum of 10 questions) from your ARRT Radiation Therapy Board Exam. All you need to do is click on our email link below and submit the questions to us. We have listed the required format for which the questions will need to be submitted below. The $$$ from RTRREVIEW will be paid via your Pay Pal account.

28. At all relevant times, the RTRR has included a section which bears the heading: "LISTED BELOW ARE QUESTIONS FROM STUDENTS WHO HAVE TAKEN THEIR ARRT BOARD EXAM."

29. ARRT's content specification for the Examination is included in ARRT's Certification Handbook and Application for Radiation Therapy Exams Administered in 2005 and at ARRT's website. The website and the certification handbook are publicly

available.

30. Rtrreview.com states that its "notebooks [*sic*] content is structured after the ARRT's 2005 newly updated specification guidelines."

31. ARRT contends that portions of the RTRR are substantially similar to ARRT's Examination questions and content specification. Based upon side-by-side comparisons provided by ARRT, the Court agrees that substantial similarity has been shown.

32. ARRT contends, and the Court agrees, that Defendants have copied and distributed Examination questions that ARRT had used on the confidential Examination, had not released publicly, and planned to use on future forms of the ARRT examination.

33. ARRT contends, and the Court agrees, that Defendants have copied and prepared a derivative work based upon ARRT's content specification for the Examination.

34. Because Defendants have distributed confidential questions copied from the Examination, ARRT has stopped using all such questions. The necessity of removing copied questions from its test item bank and the development of new questions to replace them have caused ARRT to suffer significant expense.

## IV. STATEMENT OF APPLICABLE LEGAL PRINCIPLES

### A. ARRT's Copyright Claim

35. To establish a successful copyright infringement claim, a plaintiff must show that it owns the copyright and that the defendant copied protected elements of the work. *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990).

#### 1. Copyright Ownership

36. Under the Copyright Act, copyright ownership is automatic upon creation

of an original work.  17 U.S.C. § 102(a).  An entity, such as ARRT, automatically owns copyright in all work created by its employees within the scope of their employment and in all work created by contractors as "works-for-hire."  17 U.S.C. §§ 101, 201(b).

   37.   The content specification and all of the Examination questions at issue in this case were either created by ARRT employees or by its independent contractors as works-for-hire.  Accordingly, ARRT owns the copyright in the content specification, its Examination test item bank, and in each of the Examination questions and corresponding set of answer choices.

   38.   The content specification, Examination test item bank, and Examination test questions are original, copyrightable works of authorship.  ARRT has complied in all respects with the requirements of the Copyright Act.  17 U.S.C. § 101 et seq.  ARRT accordingly enjoys exclusive rights to copy, distribute, display, publish, and prepare derivative works of the content specification, Examination test question bank, and Examination test questions.  *See* 17 U.S.C. § 106.

   39.   ARRT's ownership of copyrights in the content specification, Examination test item bank, and Examination questions is evidenced by United States Copyright Registration Nos. Txu1-279-139, Tx5-925-479, and Tx6-185-730.  Such registration certificates "constitute prima facie evidence of the validity of the copyright" and of the facts stated in the certificates, including ARRT's ownership of the copyrights.  17 U.S.C. § 410(c).

   40.   ARRT's copyrights in the content specification, Examination test item bank, and Examination questions are valid and enforceable.

   **2.   Copying**

   41.   Copying can be established through circumstantial evidence that the defendant had access to the plaintiff's protected work and that the defendant's work is substantially similar to the plaintiff's work.  *See Shaw*, 919 F.2d at 1356.

   42.   Substantial similarity does not require verbatim copying:  Immaterial

-8-
Final Judgment and Permanent Injunction
Case No. CV 07-06224-MMM (AGRx)

variations in the content of secure test questions or answers to not alter the conclusion that infringing material is substantially similar to copyrighted material. *ETS v. Katzman*, 793 F.3d at 541; *ETS v.* Simon, 95 F. Supp. 2d at 1085-86. ARRT may show copyright infringement through either direct or circumstantial evidence or both. Direct evidence of copying includes party admissions. *See Rottlund Co. v. Pinnacle Corp.*, 452 F.3d 726, 732 (8th Cir. 2006). Another way of determining substantial similarity is whether an ordinary observer would detect substantial similarity between the two works. *See Assoc. of Am. Med. Colleges v. Mikaelian*, 571 F.Supp. 144, 149 (E.D.Pa. 1983).

43. Defendants obtained access to ARRT's content specification from publicly-available sources. Defendants obtained access to copyrighted questions through McLane Hansen's having taken the Examination on three occasions, and from others who had taken the Examination. Certain questions in the RTRR are substantially similar to ARRT copyrighted questions that did not appear on any version of the Examination taken by McLane Hansen, supporting the conclusion that Defendants also gained access to ARRT's copyrighted questions from other exam takers.

44. Defendants' representations that "LISTED BELOW ARE QUESTIONS FROM STUDENTS WHO HAVE TAKEN THEIR ARRT BOARD EXAM" is evidence that Defendants copied the questions from the Examination. Defendants' representation and that their "notebooks [*sic*] content is structured after the ARRT's 2005 newly updated specification guidelines" are evidence of that Defendants copied ARRT's test specification.

45. As shown by the side-by-side comparisons provided to the Court, portions of the RTRR are substantially similar to ARRT's Examination questions. As shown by the side-by-side comparisons provided to the Court, portions of the RTRR are substantially similar to ARRT's content specifications for the Examination. Defendants have therefore infringed ARRT's copyrights.

46. As a copyright holder, ARRT may be entitled to a permanent injunction to

address acts of infringement. Where the threat of ongoing harm exists, permanent injunctions are proper with respect to the unlawful distribution of copyrighted test questions to maintain the integrity of the examinations from which the test questions have been taken. *See ETS v. Katzman*, 793 F.2d 533, 545 (3d Cir. 1986); *Nat'l Conf. of Bar Exam'rs v. Multistate Legal Studies, Inc.*, 458 F. Supp. 2d 252, 256 (E.D. Pa. 2006).

47. As a copyright holder, ARRT is entitled to recover damages and attorneys' fees. *See* 17 U.S.C. §§ 504, 505.

**B.    ARRT's UCL Claim**

48. Sections 17200 through 17209 of the California Business & Professions Code (the "UCL") prohibit unfair competition, including unfair and unlawful business acts or practices.

49. Section 123 of the California Business & Professions Code prohibits:
> conduct which subverts or attempts to subvert any licensing examination or the administration of any examination, including, but not limited to . . . conduct which violates the security of the examination materials; . . . the unauthorized reproduction by any means of any portion of the actual licensing examination; . . . paying or using professional or paid examination-takers for the purpose of reconstructing any portion of the licensing examination; obtaining examination questions or other examination material, except by specific authorization either before, during or after an examination; or using or purporting to use any examination questions or materials which were improperly removed or taken from any examination for the purpose of instructing or preparing any applicant for examination; or selling, distributing, buying, receiving, or having unauthorized possession of any portion of

a future, current, or previously administered licensing examination.

50. Defendants have obtained past Examination questions and added these questions to the RTRR without ARRT's authorization, providing them to future test-takers. The disclosure of student recollections of secure test materials by defendants render the materials worthless to ARRT. *See ETS v. Katzman*, 793 F.2d at 543.

51. Defendants have encouraged others to violate the security of Examination materials.

52. Defendants' conduct has violated Cal. Bus. & Prof. Code § 123 and constitutes unfair competition within the meaning of the UCL.

53. A plaintiff is entitled to an injunction under the UCL if necessary "to prevent the use or employment of the unfair practice." *Committee on Children's Television, Inc. v. General Foods Corp.*, 673 P.2d 660, 668-69 (Cal. 1983). The Court finds that the agreed-upon injunction is appropriate in this case.

### C. ARRT'S Breach of Contract Claim

54. An enforceable contract is an agreement between parties whereby one acquires a right to an act by the other and the other assumes an obligation. *Despatch Oven Co. v. Rauenhorst*, 40 N.W.2d 73, 78 (1949) (citation omitted). When parties enter contracts, they become liable for either discharging the agreed upon duties or paying. *Id.*

55. Through the Agreements contained in McLane Hansen's applications, the Pearson VUE Candidate Rules Agreements—ARRT, and the Non-Disclosure Agreements, McLane Hansen agreed not to take and reproduce test questions, and to refrain from other prohibited conduct, in exchange for the taking the Examination. The contracts are therefore valid and enforceable.

56. In exchange for taking the Examination, McLane Hansen agreed on three separate occasions to the conditions, covenants, and promises required by the

Application Agreements, the Pearson VUE Candidate Rules Agreements—ARRT, and the Non-Disclosure Agreements.  Hansen specifically agreed through these contracts not to take Examination questions from the exam and reproduce them without the consent of ARRT.

57. Defendant McLane Hansen has breached these contracts by taking questions for the Examination, reproducing them in the RTRReview, and offering for sale and selling the RTRReview all without consent of ARRT.

58. Because McLane Hansen violated his contractual obligations, including the obligation not to take and reproduce Examination questions, ARRT has suffered and continues to suffer significant damages.

**V.   RELIEF**

Based upon the facts and applicable legal principles to which all parties have stipulated, **THE COURT HEREBY ORDERS** that:

1. Judgment is entered in favor of Plaintiff and against Defendants on all counts of the First Amended Complaint.

2. Judgment is further entered in favor of Plaintiff and against Defendant TMAC Entertainment, LLC, in the amount of $250,000.00.  Said monetary judgment shall be fully satisfied upon the full transfer of assets of the RTRReview business as provided in the parties' separate Settlement Agreement.

3. Defendants, their officers, agents, servants, employees, attorneys, members, managers, and all persons in active concert or participation with them, are hereby **PERMANENTLY ENJOINED** from:

   a. distributing or copying ARRT's copyrighted test questions or content specifications, or soliciting Examination takers to disclose copyrighted test questions to Defendants.

   b. infringing ARRT's existing or future copyrights in any manner, by copying, duplicating, distributing, selling, publishing, reproducing, adapting, publicly performing, displaying, preparing derivative works based on, renting, leasing, offering,

or otherwise transferring or communicating in any manner, orally or in written, printed, audio, photographic, electronic or other form, including but not limited to any publication on the internet or communication in any class, seminar or presentation, any matter that is identical or substantially similar to ARRT's copyrighted materials;

   c. instructing, counseling, advising, requesting or suggesting that any person with access to, or intending to obtain access to, any ARRT examination disclose to any defendant, or to any agent, representative, employer or employee of any defendant, any Examination test questions or answers (in whole or in part);

   d. attempting to reconstruct or duplicate any test questions or answers that are accessed during an ARRT exam administration, through memorization, note taking or any other means or techniques;

   e. providing or attempting to provide prospective test-takers with information about questions or answers that have appeared on any ARRT examination that have not been voluntarily published by ARRT for general distribution to the public; and

   f. Offering, selling, promoting, advertising or disseminating in any way the RTRR.

  4. Within twenty (20) days of the date of this Final Judgment and Permanent Injunction, Defendants shall deliver to ARRT's counsel all copies of ARRT Examination questions in their possession, custody, or control, including but not limited to any questions that are substantially similar to copyrighted ARRT questions which Defendants or their agents obtained from past exam takers or from any other source.

  5. Within twenty (20) days of the date of this Final Judgment and Permanent Injunction, Defendants shall deliver to ARRT's counsel a list of, and all information in their possession, custody, or control regarding, the identities of persons who have purchased or otherwise received the RTRR.

  6. Within twenty (20) days of the date of this Final Judgment and Permanent Injunction, Defendants shall:

    a.  deliver to ARRT's counsel and file with the Court a non-confidential declaration sworn under penalty of perjury stating the name, address, and phone number of each and every person who has provided to Defendants any of ARRT's confidential Examination questions or otherwise shared with Defendants their recollections of such questions.

    b.  deliver to ARRT's counsel on a non-confidential basis all information in Defendants' possession, custody, or control relating to the provision of such questions.

  7.  Within twenty-five (25) days of the date of this Final Judgment and Permanent Injunction, Defendants shall cause to be filed with the Clerk of Court a declaration signed by each of them certifying their compliance with this Final Judgment and Permanent Injunction and describing the manner of such compliance.

  **LET JUDGMENT BE ENTERED ACCORDINGLY.**

  **Dated: December 2, 2008**

                *[signature: Margaret M. Morrow]*
                **Hon. Margaret M. Morrow**
                **United States District Judge**